IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL S. IRVING,

    Plaintiff,

vs.                                              No. 1:13-cv-00984 RB/RHS

LOS ALAMOS NATIONAL SECURITY, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Count I of Plaintiff's Amended Complaint. (Doc. 7). Plaintiff opposes this motion. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court **GRANTS** this motion.

### I.   Background

On October 9, 2014, Plaintiff filed suit in this Court. (Doc. 1). On October 22, 2013, Plaintiff filed an Amended Complaint for Damages for Civil Rights Violations Pursuant to 31 U.S.C. § 3730 and Age Discrimination and Retaliation under the New Mexico Human Rights Act. (Doc. 4). Plaintiff alleges that he is a New Mexico resident and Defendant is a foreign corporation. (*Id*.) Plaintiff alleges that he began working for Defendant in 1997, and Defendant currently employs him as a Security Program Leader/Manager for the Director's Office. (*Id*.) In this capacity, Plaintiff is responsible for safeguarding nuclear weapon materials and classified information. (*Id*.)

The Amended Complaint contains the following allegations. In 2011, Plaintiff complained to his supervisors that Defendant was not following security protocols for VIP visits.

(Doc. 4). Plaintiff's complaints were ignored and he was removed from security oversight for VIP visits. (*Id.*) Additionally, Plaintiff complained to his supervisors that Defendant had discriminated against a female manager. (*Id.*) A supervisor informed Plaintiff that Defendant's administration regarded Plaintiff as a "malcontent" and a "troublemaker." (*Id.*) According to the supervisor, the administration would not consider Plaintiff for promotion. (*Id.*) Under the guise of reorganization, Plaintiff was demoted two levels in authority and a younger, less experienced male was assigned as Plaintiff's supervisor. (*Id.*) As a result of his complaints, Plaintiff was deprived of his former job duties, his promotional opportunities were significantly reduced, and Plaintiff was subjected to a hostile work environment. (*Id.*) Plaintiff suffered loss of wages and benefits as well as emotional distress. (*Id.*)

In Count I, Plaintiff asserts that he had a right to make complaints that Defendant's personnel violated security protocols concerning the safety of nuclear weapons and Defendant retaliated against him for making such complaints in violation of 31 U.S.C. § 3730. (*Id.*) In Count II, Plaintiff asserts that Defendants discriminated against him in the terms and conditions of his employment based on his age, in violation of the New Mexico Human Rights Act. (*Id.*) In Count III, Plaintiff asserts that he had a legally protected right to make complaints about discriminatory treatment toward a female manager and Defendant retaliated against him in the terms and conditions of his employment, in violation of the New Mexico Human Rights Act. (*Id.*) Plaintiff seeks compensatory damages, punitive damages, attorney fees, and costs. (*Id.*)

**II.     Standard**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when the plaintiff has failed to state a claim for which relief can be granted. Under the Rule 12(b)(6) standard, the court must take all well-pleaded facts as true for purposes of analyzing the motion

to dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). To survive a motion to dismiss, a plaintiff must plead enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When applying this standard, the Court must resolve any factual disputes in the plaintiff's favor. *Benton v. Cameco Corp.,* 375 F.3d 1070, 1074-75 (10th Cir. 2004).

### III.   Discussion

In Count I, Plaintiff asserts that Defendant retaliated against him in violation of 31 U.S.C. § 3730 for making complaints to his supervisors about breaches of security protocols. Section 3730 is part of the False Claims Act. *See* 31 U.S.C. § 3729, *et seq.* The False Claims Act imposes liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1). The False Claims Act authorizes individuals to bring qui tam suits on behalf of the government and keep a percentage of any monies recovered. *McBride v. Peak Wellness Center, Inc.*, 688 F.3d 698, 703 (10th Cir. 2012). Because employees will often be in the best position to report frauds perpetrated by their employers, the False Claims Act includes Section 3730(h), a "whistleblower" provision protecting employees from retaliation for reporting false claims. *McBride*, 688 F.3d at 703. Congress enacted § 3730(h) "to encourage any individuals knowing of Government fraud to bring that information forward." S. Rep. No. 99-345, at 4 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266. Not surprisingly, Congress found that "few individuals will expose fraud if they fear their disclosures will lead to harassment,

demotion, loss of employment or any other form of retaliation." *Id*. at 5300. Clearly, Section 3730(h) protects employees who assist the government in prosecuting and investigating False Claims Act violations.

The Tenth Circuit has explained that liability under the False Claims Act requires, not surprisingly, a false claim. *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah,* 472 F.3d 702, 727 (10th Cir. 2006) (stating that a "defendant's presentation of a false or fraudulent claim to the government is a central element of every False Claims Act case."). In this case, Plaintiff alleges that he complained to his supervisors that Defendant breached security protocols and discriminated against a female manager. (Doc. 4). Plaintiff does not allege that Defendant presented a false claim to the government. In his response brief, Plaintiff acknowledges he "is not seeking to recover from any qui tam action" but rather for reporting to his supervisors that security protocols were not being followed. (Docs. 4 and 14). Thus, Plaintiff fails to state a claim under Section 3730(h) because he does not allege that he assisted the government in prosecuting and investigating False Claim Act violations.

Plaintiff does not refute Defendant's arguments in his response brief. Instead, Plaintiff attempts to graft a claim under the Program Fraud Civil Remedies Act (PFCRA), 31 U.S.C. §3802, to the False Claims Act and, in the alternative, seeks leave to amend his complaint. The PFCRA was enacted to allow federal agencies to recover penalties and assessments from individuals who have obtained benefits or payments from the government by making false or fraudulent claims. *See* 31 U.S.C. § 3802. Therefore, the PFCRA is wholly inapplicable to the facts of this case and amendment to include this claim would be futile. Plaintiff also attempts to recast Count I as a First Amendment retaliation claim. *See*r *Baca v. Sklar,* 398 F.3d 1210, 1218-1219 (10th Cir. 2005) (addressing First Amendment retaliation claim). However, this effort is

unavailing because the First Amendment prohibits a government employer from requiring a public employee to relinquish his right to comment on matters of public concern. *Id*. Defendant is not the government and Plaintiff is not a public employee. Therefore, a First Amendment retaliation a claim would be futile under the facts of this case.

Count I of the Amended Complaint purports to allege a claim under 31 U.S.C. § 3730, which is a provision of the False Claims Act. (Doc. 4) Plaintiff failed to allege an essential element of this claim and admits in his response that he does not intend to bring a qui tam action. Plaintiff's attempts to recharacterize Count I are unavailing and his requested amendments would be futile. For these reasons, Defendant's Motion to Dismiss Count I will be granted.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Count I of Plaintiff's Amended Complaint (Doc. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that Count I is dismissed with prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**